UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| FITZROY L. BROWN, INDIVIDUALLY AND AS TRUSTEE OF THE OWENA O. DUNN FAMILY TRUST, DATED AUGUST 29, 2002<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., BAC HOME LOANS SERVICING, L.P., F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P., AND HARMON LAW OFFICES, P.C,<br><br>Defendants. | Civil Action No. 13-13256 |

## MEMORANDUM OF LAW IN SUPPORT OF BANK OF AMERICA, N.A.'S/BAC HOME LOANS SERVICING, LP'S MOTION TO DISMISS THE COMPLAINT

Defendant Bank of America, N.A., and its predecessor by merger, BAC Home Loans Servicing, LP, (collectively "BANA"),[1] by and through their undersigned hereby respectfully submit this memorandum of law in support of their motion pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Fitzroy Brown's ("Brown") September 24, 2013 Complaint ("Compl.") for failure to state a claim.

### INTRODUCTION

BANA held a mortgage and note on which Brown failed to make the agreed payments. On September 6, 2007, Brown took out a loan of $320,000.00 (the "Loan") from BANA to refinance the property at 41 Armandine Street, Boston, MA 02124 (the "Property"). *See* Compl. ¶ 30. In exchange for the Loan, Brown granted a promissory note (the "Note") and a mortgage

---

[1] BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, merged with and into Bank of American, N.A., on July 1, 2011. Bank of America, N.A., is the sole surviving entity and is, thus, the party responding herein – on behalf of itself and its processor – to Plaintiff's Complaint.

1

(the "Mortgage") to BANA (a copy of the Note and Mortgage are attached to the Compl. as Ex. A). Brown began having difficulties making the required payments at least as early as August 2009. Compl. ¶ 40, Exs. B-G. After receiving notice that BANA retained counsel to initiate foreclosure (see Compl. ¶ 50, Ex. H), Brown sold the property to avoid foreclosure. Compl. ¶ 60. The payment received by BANA in April 2011, at the time Brown sold the property, was insufficient to pay off the loan in full. *See* payment history, Compl. Ex. M. Upon receiving full payment, BANA recorded a discharge of the mortgage in September 2012. Compl. Ex. L.

Notwithstanding the above, and Brown's default on the loan, he filed this lawsuit on September 24, 2013 alleging violations of Massachusetts General Laws Chapter 93A (Counts I through III), Fair Debt Collection Practices Act ("FDCPA") violations (Count IV), and Intentional Misrepresentation (Count V). As a matter of law, Brown is not entitled to the relief he requests, and the Court should dismiss the Complaint in full, accordingly.

## ARGUMENT

### I.   LEGAL STANDARD.

Pursuant to Fed. R. Civ. P. 12(b)(6), a complaint should be dismissed where conclusory statements are unsupported by sufficient factual matter. In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), courts are required to accept all **well-pleaded** facts as true, viewing them in the light most favorable to the plaintiff. *Gargano v. Liberty Int'l Underwriters, Inc.,* 572 F.3d 45, 48 (1st Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order for a claim to comply with Fed. R. Civ. P. 8 and survive a motion to dismiss under Rule 12, a claim "***must contain sufficient factual matter … to state a claim for relief that is plausible on its face***." *Id.* (emphasis added). In requiring plausibility of a claim for relief, a plaintiff is not held to a "probability requirement," but the plaintiff must still plead more than a

"sheer possibility that a defendant acted unlawfully." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that only pleads facts that are "merely consistent with" liability fails to cross the line from "possibility" to "plausibility." *Id.*

**II. PLAINTIFF FAILS TO STATE A COGNIZABLE CLAIM UNDER MASS. GEN. LAWS CH. 93A (COUNTS I[2], II, and III).**

Initially, Brown's allegations relating to the origination of the loan (Count III) is barred by the four-year statute of limitations. *See* M.G.L. ch. 260 § 5A. Here, The Loan originated in 2007. *See* Compl. Ex. A. This lawsuit was not filed until September 2013, more than six years after the loan origination, and is therefore time-barred by the four year statute of limitations. *See Okoye v. Bank of New York Mellon*, 2011 WL 3269686 at *4 (D. Mass. 2011) (Woodlock, J.) (dismissing c. 93A claims alleging predatory lending practices on limitations grounds because they accrued on the loan origination date); *see also Martins v. U.S. Bank*, 2011 WL 4459135, *1 (D. Mass. 2011) (Stearns, J.) (denying motion for preliminary injunction where conduct related to refinancing of mortgage occurred outside the four-year statute of limitations applicable to G.L. c. 93A claims); *Matos v. First National Bank*, 2010 WL 3327725, *3 (Mass. Super. 2010) (Kenton-Walker, J.) (holding, in a case alleging that plaintiff was fraudulently induced into entering an adjustable rate mortgage, that the limitations period "began running on the date the mortgage closed" and c. 93A claims were therefore time-barred).

As to the remaining Chapter 93A claims, Plaintiff does not–and cannot–allege conduct by BANA that amounts to a violation of the statute. A claim for relief under Chapter 93A requires "a showing of conduct that (1) falls within the penumbra of some common-law, statutory, or other

---

[2] Plaintiff mislabels his first cause of action as "Count VI." It has been relabeled here as Count I to avoid confusion.

3

established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous,' and causes 'substantial injury to consumers or other businesspersons.'" *Kassner v. Chase Home Fin., LLC*, No. 11–10643–RWZ, 2012 WL 260392, at *9 (D. Mass. Jan. 27, 2012) (internal citation omitted); *Hershenow v. Enterprise Rent–A–Car Co. of Boston, Inc.*, 445 Mass. 790, 797 (2006).

Brown attempts to allege violations of Chapter 93A for actions related to loan servicing (Count I), foreclosure processing (Count II) and loan origination (Count III). Brown's 93A Claims rely on bald and conclusory statements unsupported by facts. For example, he states that BANA "failed to timely and accurately apply payments made by Plaintiff and failing to maintain accurate account statements" (Compl. ¶ 23a); failed to "perform proper loan modification underwriting (Compl. ¶ 29a); and provided "false or misleading information to Plaintiff while scheduling foreclosure sale during the loan modification application process and during trial loan modification periods" (Compl. ¶ 29k). Brown does not, because he cannot, provide any facts to show that payments were misapplied, that he was provided misleading information, that a sale was ever scheduled, or that he was ever granted a trial loan modification. Additionally, Brown's allegations of improper "foreclosure processing" are unsupported by fact, because a foreclosure was never processed. While Brown received notices of the BANA's intent to initiate foreclosure (*see* Compl. Exs. E, G, H, and K), he doesn't provide one fact that supporting the allegation that a foreclosure was processed or that a foreclosure sale was ever held, but rather he states that he sold the property himself in order to avoid foreclosure (Compl. ¶ 60).

Not only has Brown failed to provide sufficient facts to support his clams, but he is unable to show that BANA did anything that caused him to suffer a "substantial injury." Brown's alleged losses were occasioned by his inability to make the payments required by the Mortgage and Note, and his own unilateral decision to sell the Property. Because Brown's

allegations, even accepted as true, create little more than an *inference* of misconduct, they fail to meet the minimum pleading requirements for a Chapter 93A claim. *See Brown v. Bank of Am. Corp.*, No. 10-11085, 2011 WL 1311278, at *3 (D. Mass. Mar. 31, 2011) (dismissing Section 9 claim because "[a] complaint fails to state a claim for relief . . . when the facts alleged fail to warrant an inference of more than the mere possibility of misconduct"). Plaintiff's claims are thus deficient on their face.

For the reasons stated above, Counts I, II, and III fail as a matter of law and, the Court should dismiss them with prejudice.

### III. PLAINTIFF CANNOT STATE A CLAIM FOR RELIEF AGAINST BANA UNDER THE FAIR DEBT COLLECTION PRACTICES ACT (COUNT IV).

The FDCPA "is a federal statute that prohibits abusive debt collection practices by debt collectors. 15 U.S.C. § 1692(e) (2011)." *Simard v. LVNV Funding, LLC*, CIV.A. 10-11009-NMG, 2011 WL 4543956, at *3 (D. Mass. Sept. 28, 2011). Not only is Brown's claim time-barred by the applicable statute of limitations, but BANA is not a "debt collector" as defined by the FDCPA, and for those reasons, Brown's claim of an FDCPA violation fail, and the Court should dismiss Count IV.

#### A. Brown's FDCPA Claim is Time-Barred.

Brown's claim that BANA somehow violated the FDCPA is time-barred. A claim brought pursuant to the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692 k(d). Brown's claim of a purported violation of the FDCPA is time-barred because the last allegation of activity arguably related to collecting a debt (sending notice of intent to foreclosure) occurred in November 2011, **nearly 22 months** before Plaintiff filed his Complaint. *See* Compl. ¶ 63, Ex. K. Thus, it is clear from the face of Brown's pleadings that his claim is barred by the applicable statute of limitations.

B.  **Even if Brown's Clam is Not Time-Barred, BANA is Not a Debt Collector as Defined by the FDCPA.**

Brown inaccurately makes the threadbare allegation that BANA is "a debt collector as defined by FDCPA." Compl. ¶ 80. But, "the law is well-settled . . . that ***creditors, mortgag[ee]s,[3] and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA***." *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709, 718 (E.D. Va. 2003) (emphasis added). Moreover, "[n]early every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for purposes of the FDCPA." *Beadle v. Haughey*, 2005 WL 300060, at *3 (D.N.H. 2005). Because BANA is not a debt collector, Brown's FDCPA claims against it fail as a matter of law.

IV. **PLAINTIFF CANNOT STATE A CLAIM AGAINST BANA FOR UNJUST ENRICHMENT OR RESTITUTION (COUNT V).**

Plaintiff's unjust enrichment claim fails for two reasons: (1) Plaintiff cannot show that BANA has unjustly collected amounts due and owing, and (2) the parties' relationship is controlled by the Mortgage and Note. To satisfy the five elements of unjust enrichment, Brown must show: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification and (5) the absence of a remedy provided by law." *In re Lupron Mktg. & Sales Practices Litig.*, 295 F. Supp. 2d 148, 182 (D. Mass. 2003). To prove that BANA was unjustly enriched, Brown would have to show that

---

[3] The context of the opinion indicates that the court meant "mortgagees" even though it wrote "mortgagors." *See Scott*, 326 F. Supp. 2d at 718 ("Plaintiffs also state in their reply that they 'vigorously dispute the defendants' assertions that mortgage # 1 was not delinquent in 1999 when Wells Fargo began servicing it for GE Capital, and that mortgage # 2 was not delinquent when Wells Fargo became its mortgagee.' Plaintiffs' Complaint, however, states that they became delinquent on Mortgage # 1 and Mortgage # 2 in 2001 and requested from Wells Fargo an agreement to modify/restructure the loans. Plaintiffs' averments in the Complaint notwithstanding, the law is well-settled (as discussed above) that creditors, *mortgagors,* and *mortgage servicing companies* are not debt collectors and are statutorily exempt from liability under the FDCPA.") (citations omitted).

BANA's "retention [] money or property of another against the fundamental principles of justice or equity and good conscience." *Santagate v. Tower*, 64 Mass. App. Ct. 324, 329 (2005) (citing *Taylor Woodrow Blitman Constr. Corp. v. Southfield Gardens Co.,* 534 F.Supp. 340, 347 (D. Mass. 1982)). Additionally, "[w]here a contract does govern the parties' relationship, the contract provides the measure of the plaintiff's right and no action for unjust enrichment lies." *In re Lupron Mktg. & Sales Practices Litig.*, 295 F. Supp. 2d 148, 182 (D. Mass. 2003).

Here, Brown does not cite any particular money or property unlawfully retained by BANA, but rather makes the conclusory allegation that "Defendants have collected amounts that are not due and owing by contract or under applicable law." Compl. ¶ 83. Not only is Brown unable to support his claim with any facts, but the parties' relationship is controlled by a contract. The contract governing the parties' relationship is the Mortgage, which specifically states, "Lender may charge Borrower for fees for services performed in connection with Borrower's default . . . including, but not limited to, attorney's fees, property inspection and valuation fees." Compl. Ex. A, Mortgage ¶ 14. Additionally, under the terms of the Mortgage, BANA was permitted to collect payments for taxes, insurance, mortgage insurance. Compl. Ex. A, Mortgage ¶ 3.

Because the parties' relationship is governed by a contract, and because Brown cannot show that any money or property was unjustly retained by BANA, Count V fails. The Court should dismiss it accordingly.

V. **PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL MISREPRESENTATION (COUNT VI).**

In Massachusetts, to make out a claim for intentional misrepresentation, a plaintiff must prove (1) that the defendant made a false representation of material fact, (2) with knowledge of its falsity, (3) for the purpose of inducing the plaintiff to act on the false representation, and (4)

7

plaintiff relied on the representation to his or her detriment. *Zuckerman v. McDonald's Corp.*, 35 F. Supp. 2d 135, 144 (D. Mass. 1999) (internal citations omitted). Plaintiff's allegations fail to support any of the required elements.

Brown insufficiently alleges that BANA "represented to Plaintiff that it had authority to provide HAMP/Loan modification assistance" and knew "such representations were false." Compl. ¶¶ 88, 90. Brown, however, provides no allegations to support his assertion. He attaches to his complaint a letter from BANA inviting him to apply for a HAMP modification and an application used to evaluate borrowers for modification eligibility. Compl. Ex. O. Nothing on the face of these documents suggests that BANA knew its representations regarding potential HAMP eligibility were false and Brown points to nothing in the documents that would indicate otherwise.

Furthermore, Brown fails to allege any facts that support his conclusory allegation that he "relied on Defendant Bank's false representations concerning its authority to offer HAMP/Loan Modification" to his detriment. Compl. ¶ 91. Brown has failed to provide any shred of evidence that BANA did not have authority to offer loan modification assistance, nor has he provided any evidence that he detrimentally relied on such a representation. Thus, Brown's claim for intentional misrepresentation fails, and Count VI fails and the Court should dismiss it.

## **CONCLUSION**

For the foregoing reasons, the Court should grant BANA's motion and dismiss Plaintiff's Complaint in its entirety, with prejudice, for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: January 28, 2014

    Respectfully submitted,

    BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, L.P., BAC HOME LOANS SERVICING, L.P., F/K/A COUNTRYWIDE HOME LOANS SERVICING, L.P.,

    By its attorneys,

    */s/ Ryan M. Cunningham*
    Stephen C. Reilly, BBO #555371
    Ryan M. Cunningham, BBO #661440
    SALLY & FITCH LLP
    One Beacon Street
    Boston, MA 02108
    617-542-5542
    scr@sally-fitch.com
    rmc@sally-fitch.com

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to the party listed below, postage prepaid, on January 28, 2014.

FITZROY L. BROWN, INDIVIDUALLY
AND AS TRUSTEE OF THE OWENA O. DUNN
FAMILY TRUST, DATED AUGUST 29, 2002
27 Ramsdell Avenue
Roslindale, MA 02131

/s/ *Ryan M. Cunningham*
Ryan M. Cunningham