UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FITZROY L. BROWN, INDIVIDUALLY AND AS TRUSTEE OF THE OWENA O. DUNN FAMILY TRUST, DATED AUGUST 29, 2002, | ) ) ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | CIVIL ACTION NO. 13-13256-PBS |
| BANK OF AMERICA, NATIONAL ASSOCIATION, BANK OF AMERICA NATIONAL ASSOCIATION SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, HARMON LAW OFFICES, P.C., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND
<u>ORDER ON PLAINTIFF'S MOTION TO STRIKE</u>**

September 3, 2015

DEIN, U.S.M.J.

**I.  <u>INTRODUCTION</u>**

The plaintiff, Fitzroy L. Brown ("Brown"), has brought this action individually, and as

Trustee of the Owena O. Dunn Family Trust, against the defendants, Bank of America, National

Association ("BANA") and BAC Home Loans Servicing LP ("BAC")[1] (collectively, "Bank" or

---

[1]  Harmon Law Offices, P.C. was also named as a defendant in the litigation, but was dismissed
voluntarily on November 21, 2014 (<u>See</u> Docket No. 48).

"BANA/BAC").[2]  Brown, who is proceeding pro se, claims that the defendants engaged in unfair,

deceptive and otherwise unlawful conduct in connection with his efforts to modify his mort-

gage loan and avoid a foreclosure on residential property located in Boston, Massachusetts.

The matter is presently before the court on BANA/BAC's motion for summary judgment (Docket

No. 51).  In connection with his opposition to the motion, Brown has filed the "Plaintiff's

Motion to Strike Hearsay Contained in the Affidavit of Michelle C. Sexton" (Docket No. 72) by

which he is seeking an order striking the Affidavit of BANA's Assistant Vice President, Opera-

tions Team Manager, Michele C. Sexton.  Brown argues that Ms. Sexton lacks the personal

knowledge necessary to support the factual statements contained in her Affidavit, and that her

testimony is based on inadmissible hearsay and is otherwise unreliable.  Accordingly, Brown

contends that the Affidavit is inadmissible on summary judgment and should be stricken from

the record.  For the reasons detailed below, the plaintiff's motion to strike is DENIED.

### A.     Ms. Sexton's Affidavit

As described above, Ms. Sexton is an Assistant Vice President, Operations Team

Manager for BANA.  (Affidavit of Michele C. Sexton ("Sexton Aff.") (Docket No. 53-1) ¶ 1).   The

defendants filed her Affidavit in support of their motion for summary judgment.  Therein, Ms.

Sexton describes the history of Brown's mortgage loan, including actions taken by BANA and

BAC in connection with the servicing of the loan, facts relating to Brown's default on the loan,

and communications between the parties with respect to the status and potential for

modification of the loan.  (See generally, Sexton Aff.).  In addition, Ms. Sexton describes facts

---

[2]  In July 2011, BAC, which was formerly known as Countrywide Home Loans Servicing LP, merged into
BANA, leaving BANA as the sole surviving entity.  (See Docket No. 22 n.1).  For purposes of this decision,
the court will refer to BANA and BAC collectively as the "Bank" or "BANA/BAC."

relating to the Bank's purchase of hazard insurance covering the property for which Brown obtained the mortgage.  (Id. ¶¶ 20-22).

Ms. Sexton's testimony is based on documents that are attached as exhibits to her Affidavit.  According to Ms. Sexton, those documents consist of records pertaining to Brown's loan that have been kept by BANA in the ordinary course of its regularly conducted business. (See, e.g., id. ¶¶ 2, 4-5, 7).  They also include records that were previously kept in the ordinary course of business by BAC, which serviced the loan from November 16, 2009 until July 1, 2011, when BAC merged into BANA.  (See, e.g., id. ¶¶ 2-3, 6, 12, 14).  Ms. Sexton explains that as part of her job duties at BANA, she has access to and is responsible for reviewing business records, reports and data compilations made by, or from information transmitted by, individuals with knowledge of the acts and events reflected in the records.  (Id. ¶ 2).  She also states that she reviewed the records pertaining to the Brown loan, and personally confirmed the facts set forth in her Affidavit.  (Id. ¶ 4).

**B.**    **Brown's Challenge to the Affidavit**

Brown has moved to strike Ms. Sexton's Affidavit on the grounds that it is inadmissible as evidence on summary judgment.  Under Rule 56(c)(4) of the Federal Rules of Civil Procedure, "[a]n affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  Fed. R. Civ. P. 56(c)(4).  This court finds that the Affidavit satisfies these requirements, and that Brown's motion must be denied.

**Challenge to the Notarization**

Brown contends, as an initial matter, that Ms. Sexton's Affidavit is unreliable or otherwise inadmissible because it was signed by a Notary Public whose commission identification is invalid.  (Pl. Mem. (Docket No. 74) at 2; Pl. Reply Mem. (Docket No. 82) at 3). As shown on the last page of the Affidavit, Ms. Sexton's testimony was subscribed and sworn to on December 18, 2014 before Christin Lyn Pridemore, a Notary Public for the City of Pittsburgh whose commission expires on June 28, 2016.  (Sexton Aff. at 7).  In support of his assertion that Ms. Pridemore's commission is invalid, Brown urges the court to take judicial notice of the website for the Pennsylvania Department of State, which contains information regarding the status of Notary Publics for the Commonwealth of Pennsylvania.  (See Pl. Mem. at 2 (citing internet address)).  However, a search of that website confirms that Ms. Pridemore's commission is valid through June 28, 2016, and that she was qualified to notarize the challenged Affidavit.  (See Def. Opp. Mem. (Docket No. 79) at Ex. A).[3]  Accordingly, there is no reason to question the admissibility of Ms. Sexton's Affidavit on this basis.

To the extent Brown's argument arises from Ms. Pridemore's failure to include a proper commission identification number below her signature,  that too is insufficient to support his motion to strike.  The record shows that Ms. Pridemore's commission number is 1270483, but

---

[3] Although Brown has asked this court to take judicial notice of the website for the Pennsylvania Department of State, he has objected to the Bank's submission of a page from that website listing Ms. Pridemore as a commissioned Notary Public on the grounds that it has not been authenticated and constitutes hearsay. (Pl. Reply Mem. at 3).  However, Ms. Pridemore's listing on the Department of State's website constitutes a self-authenticating public record, which is admissible in evidence.  See Fed. R. Evid. 803(8) (describing public records exception to hearsay rule) and 902 (describing items that are self-authenticating, including publications "purporting to be issued by a public authority").  Moreover, a search of the website at the address provided by the plaintiff confirms that Ms. Pridemore's commission is valid.

that she neglected to include the number 3 when she filled in the number on Ms. Sexton's

Affidavit.  (<u>Compare</u> Def. Opp. Mem. at Ex. A <u>with</u> Sexton Aff. at 7).  This was nothing more than

a clerical error.  It neither invalidates the notarization nor supports Brown's attack on the

admissibility of Ms. Sexton's testimony.

### Alleged Lack of Personal Knowledge

Brown next contends that the Affidavit is inadmissible because Ms. Sexton lacks

personal knowledge regarding the facts set forth therein.  (Pl. Mem. at 2; Pl. Reply Mem. at 4).

In particular, Brown notes that Ms. Sexton relies on information from BANA's records that was

transmitted by other individuals with knowledge of the acts and events described therein

rather than on her own involvement in the events surrounding the origination and servicing of

his loan.  (<u>See</u> Pl. Mem. at 2).  He also suggests that her position as an Assistant Vice President,

Operations Team Manager rather than the custodian of records for the Bank renders her

unqualified to provide testimony regarding the contents of the defendants' business records.

(<u>See</u> Pl. Reply Mem. at 4-5).  Again, Brown's arguments are unpersuasive.

In her Affidavit, Ms. Sexton avers that as an Assistant Vice President, Operations

Manager for BANA, she is "familiar with the types of records maintained by BANA in connection

with mortgage loans serviced by BANA and/or its predecessor by merger, BAC[.]"  (Sexton Aff. ¶

2).  She also states she reviews BANA's business records, reports and data compilations as part

of her duties at the Bank, and that she "reviewed BANA's regularly kept business records

pertaining to the Brown Loan[,]" including "all [of] BANA's records in which communications

between representatives of BANA or BAC and Brown regarding modification of [the] Loan

would be documented[.]"  (<u>Id.</u> ¶¶ 2, 4, 18).  Moreover, according to Ms. Sexton, she "personally

. . . confirmed the facts attested to" in her Affidavit.  (Id. ¶ 4).  "That is sufficient foundation for

an assertion of personal knowledge of the records" and the facts contained in the Affidavit, and

it does not matter that Ms. Sexton is an Assistant Vice President at the Bank, as opposed to a

custodian or keeper of the records.  See Foregger v. Residential Credit Sols., Inc., Civil Action

No. 12-11914-FDS, 2014 WL 1364788, at *4 (D. Mass. Apr. 4, 2014) (slip op.) (finding that

defendant's assistant vice-president of servicing had personal knowledge necessary to describe

documents attached to his affidavit and perform mathematical calculations using numbers set

forth in those documents where witness stated that he had personal knowledge of facts and

circumstances described in his affidavit and had reviewed defendant's business records

pertaining to the litigation).   To the extent Brown wishes to challenge the accuracy of Ms.

Sexton's statements or the substance of the underlying records, his arguments go to the weight

of Ms. Sexton's testimony and not to its admissibility.  Nothing has precluded Brown from

introducing contradictory evidence in connection with his opposition to the defendants' motion

for summary judgment.

## Challenge Based on Hearsay

Brown's final assault on Ms. Sexton's Affidavit challenges its admissibility on the

grounds that it relies on information contained in the attached exhibits, and is therefore based

on hearsay. (Pl. Mem. at 3).  The Bank opposes Brown's hearsay objection, and contends that

the exhibits fall within the business record exception to the hearsay rule.  (Def. Opp. Mem. at

3-4).  This court agrees that the exception applies, and that Brown's argument is without merit.

Pursuant to Rule 803(6) of the Federal Rules of Evidence, a record of an act, event, condition, opinion or diagnosis will be admissible in evidence under the business record exception to the hearsay rule if:

> (1) "the record was made at or near the time by – or from information transmitted by --- someone with knowledge"; (2) "the record was kept in the course of a regularly conducted activity of a business"; (3) "these conditions are shown by the testimony of the custodian or another qualified witness"; and (4) "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."

Foregger, 2014 WL 1364788, at *4 (quoting Fed. R. Evid. 803(6)).  In the instant case, Ms. Sexton has testified that BANA's records, reports and data compilations reflect "acts and events made at or near the time by, or from information transmitted by, a person with knowledge, and [were] kept in the ordinary course of BANA's or BAC's regularly conducted business activity." (Sexton Aff. ¶ 2).  Accordingly, the defendants have shown that those records, including the records attached to Ms. Sexton's Affidavit, qualify as business records under Rule 803(6).  See United States v. Cameron, 699 F.3d 621, 641 (1st Cir. 2012) (finding that documents conformed to requirements of Rule 803(6) where "(1) they were made at or near the time of the event; (2) kept in the regular course of business; and (3) created in the regular course of business").

The plaintiff nevertheless argues that "[Ms.] Sexton's Affidavit poses an unavoidable hearsay problem" because some of the records on which Ms. Sexton relies were created by BAC, and Ms. Sexton "lacks sufficient knowledge of the creation of these records to satisfy rule 803(6)'s requirements."  (Pl. Reply Mem. at 5).  However, in her Affidavit Ms. Sexton indicates that after BAC merged into BANA on July 1, 2011, BAC's records relating to Brown's mortgage loan were integrated into BANA's records by virtue of the merger.  (See Sexton Aff. ¶¶ 3, 6). She further explains that she is "familiar with the types of records maintained by BANA in

connection with mortgage loans serviced by BANA and/or its predecessor by merger, BAC[,]"

and that as part of her duties at BANA, she is responsible for reviewing records that were kept

in the ordinary course of BAC's regularly conducted business.  (Id. ¶ 2).  Moreover, Brown has

provided no specific facts showing that the source of the information reflected in BAC's

business records, or the circumstances surrounding their preparation, indicate a lack of

trustworthiness.[4]  See Cameron, 699 F.3d at 641 n.10 (explaining that ordinary business

circumstances described by the witness are sufficient to meet trustworthiness element of Rule

803(6) where record contains no evidence suggesting that method of recording data is flawed

in any way); Foregger, 2014 WL 1364788, at *5 (finding that documents from prior servicers of

plaintiff's mortgage loan, which were integrated into defendant's records, were admissible

under Rule 803(6) where plaintiff "provided no specific facts showing that the records are

unreliable or untrustworthy").  Therefore, he has not shown that Ms. Sexton's testimony, or the

documents attached thereto, are inadmissible as hearsay, and his motion to strike Ms. Sexton's

Affidavit is denied.


/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[4]  Brown presents a number of challenges to the substance of Ms. Sexton's testimony and her interpretation of the records in an effort to establish that her Affidavit is not trustworthy.  (See Pl. Reply Mem. at 7-8).  Those arguments, which go to the weight of her testimony, are insufficient to defeat application of the business record exception to the hearsay rule.  As described above, Rule 803(6) is concerned with the trustworthiness of the records themselves and not with a witness' description of their content.  See Fed. R. Evid 803(6) (requiring that neither "the source of information [in the records] [n]or the method or circumstances of [their] preparation indicate a lack of trustworthiness").  Nothing has precluded Brown from challenging the accuracy of Ms. Sexton's statements by presenting evidence of his own.